# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALONZO ESCALON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-167-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Alonzo Escalon was convicted in a bench trial of being an illegal alien in possession of a firearm. On appeal, he raises issues related to his suppression hearing. "When reviewing a district court's grant or denial of a motion to suppress evidence as obtained in violation of the Fourth Amendment, we review a district court's factual determinations for clear error

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10354

and its ultimate Fourth Amendment conclusions *de novo*." *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003).

Escalon contends that he was seized in violation of the Fourth Amendment. He claims that his detention began when police officers approached him in their patrol car and walked toward him prior to observing signs that gave them probable cause to believe that he was intoxicated in public. Escalon argues that, because the information supporting the probable cause determination was developed after his illegal detention, the warrantless search of his person was unlawful and the firearms evidence must be suppressed.

"Even when law enforcement officers have no basis for suspecting a particular individual," a person is not detained as long as the officers "do not induce cooperation by coercive means." *United States v. Drayton*, 536 U.S. 194, 201 (2002). A detention thus occurs when the officer's conduct is sufficiently coercive that a reasonable person would not feel free to leave or to terminate the encounter. *Id.*

Here, the district court's factual findings support a determination that police officers approached Escalon and had a consensual encounter with him, during which they developed probable cause to arrest him for public intoxication based on his unsteady gait, slurred speech, red eyes, and the odor of alcohol. The district court's factual determinations are plausible in light of the record as a whole and therefore are not clearly erroneous. *See United States v. Rounds*, 749 F.3d 326, 337-38 (5th Cir. 2014). It follows that Escalon has not shown error in the district court's determination that there was no constitutional violation, as "[l]aw enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to

2

them if they are willing to listen." *Drayton*, 536 U.S. at 200. Escalon has waived any other issues pertaining to the district court's Fourth Amendment determinations by failing to brief them. *See United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005).

Escalon's contention that the district court erred at the suppression hearing by placing undue weight on hearsay evidence lacks merit. The evidence in question was not offered for the truth of the matter and therefore was not hearsay. *See United States v. Sosa*, 897 F.3d 615, 623 (5th Cir. 2018). In any event, hearsay is admissible at a suppression hearing. *See United States v. Matlock*, 415 U.S. 164, 175 (1974).

Finally, Escalon insists that his due process rights were violated by a police officer's failure to preserve the footage from his body camera. Although Escalon did not raise a due process claim in the district court, we consider the issue preserved since Escalon placed the "essential substance" of his objection to the destruction of the body camera video before the district court by raising a claim based on spoliation of evidence. *See United States v. Mendiola*, 42 F.3d 259, 261 (5th Cir. 1994).

The exculpatory value of the evidence in question is undetermined, but may be "potentially useful" to the defense. To prevail, Escalon must show that the evidence was destroyed in bad faith. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). The district court addressed the substance of this claim by noting that there was no evidence that Officer Vazquez had deliberately destroyed or suppressed the video of the incident. Escalon's claim fails because he has not shown that the district court's implicit determination that there was no bad faith was clearly erroneous. *See United States v. McNealy*, 625 F.3d 858, 869-70 (5th Cir. 2010).

AFFIRMED.